**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3341-19

SANG PARK,

    Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,[1]

    Defendant-Respondent,

and

MICHELLE WRAGGE,

    Defendant.

_____

Argued June 3, 2021 – Decided June 29, 2021

Before Judges Fuentes and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4045-18.

---

[1] Improperly pled as GEICO.

David M. Wasserman argued the cause for appellant (Andrew Park, PC, attorneys; David M. Wasserman, on the brief.)

Seth M. Garrod argued the cause for respondent (Tango, Dickinson, Lorenzo, McDermott & McGee, LLP, attorneys; Seth M. Garrod, on the brief).

PER CURIAM

Plaintiff, Sang Park, appeals from the February 28, 2020 order dismissing her complaint against defendant, Government Employees Insurance Company (GEICO), with prejudice.

We derive the following facts from the record viewed in the light most favorable to plaintiff. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). On January 11, 2018, plaintiff stopped her vehicle at a red light and Michelle Wragge's vehicle stopped behind her. Wragge's vehicle rolled into plaintiff's car, who claimed severe and painful injuries from the impact.

Plaintiff was insured by GEICO. Five months after the accident, on June 1, 2018, plaintiff filed a complaint against GEICO for uninsured or underinsured motorist (UM/UIM) coverage. On December 14, 2018, plaintiff entered default against GEICO, and GEICO filed its answer and proposed a consent order to vacate default on June 17, 2019. The parties entered a consent order to vacate

default, and the court vacated default against GEICO on October 30, 2019. Plaintiff moved to extend discovery, amend her complaint, and add Wragge as a defendant-tortfeasor on November 18, 2019. The extension and amendment were granted on December 6, 2019.

Plaintiff did not serve Wragge until February 15, 2020, one month and fourteen days past the statute of limitations (SOL). GEICO moved to dismiss plaintiff's UM claim against it because she did not file her amended complaint against Wragge until February 12, 2020, after the SOL had run. The trial court dismissed plaintiff's UM complaint against GEICO with prejudice because plaintiff failed to protect GEICO's subrogation interests. This appeal followed.

Our review of an order granting summary judgment is de novo. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). We discern no genuine issue of material fact, and we conclude, as did the trial court, that GEICO is entitled to summary judgment dismissal as a matter of law. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995) (setting forth summary judgment standard under Rule 4:46-2).

The relationship between an insured and an insurance carrier is contractual. The obligation to offer UIM coverage, however, is statutory. Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 333 (1996). A UM carrier that pays

A-3341-19

benefits to an insured has the right to subrogate the insured's claim against the tortfeasor to permit the carrier to recover from the tortfeasor the UM benefits paid to its insured. To effectuate this right, a UM carrier may intervene in an insured's trial against a tortfeasor as a way to avoid relitigating the insured's claim and bind the tortfeasor to the issues decided at trial. Zirger, 144 N.J. at 340-42.

The insurance policy here is clear and unambiguous. It requires that the plaintiff protect GEICO's subrogation rights. But plaintiff here failed to protect those rights by not filing suit against Wragge within the applicable SOL period. See N.J.S.A. 2A:14-2. Plaintiff argues she is entitled to the protection of the relation back doctrine. Based on our review of the record, plaintiff did not establish the requirements necessary to benefit under that theory. The relation back doctrine is governed by Rule 4:9-3. When a plaintiff adds a new party after the statute of limitations has run, she must establish: "(1) the claim asserted in the amended complaint arose" from the same conduct, transaction, or occurrence alleged in the original; (2) the new defendant had notice of the potential complaint prior to the expiration of the SOL so as not to be prejudiced in maintaining a defense; and (3) the new defendant knew or should have known that, but for the misidentification, "the action would have been brought against

him or her." Viviano v. CBS, Inc., 101 N.J. 538, 553 (1986). Rule 4:9-3 "permits the addition of a new claim or a new party when the original complaint did not contemplate the need for such an amendment." Viviano, 101 N.J. at 552.

Plaintiff argues her amended complaint "relates back," establishing compliance with the SOL to sue Wragge, thus rendering GEICO eligible to subrogate the UM coverage from the tortfeasor. However, plaintiff's complaint does not relate back, because although her UM claim arose from the accident, plaintiff pleaded a completely new cause of action against Wragge.

As we noted in Young v. Schering Corp.:

> "While the relation-back provided for by this rule does not authorize amendment of the pleading to allege a new cause of action against another party to the litigation which is barred by the running of the [SOL], the test as to what constitutes a new cause of action is somewhat elusive of definition." In interpreting this rule, we must be mindful of the general proposition that "an entirely new and distinctly different cause of action cannot by means of an amendment of the pleadings be introduced after the statute has tolled the action."
>
> [275 N.J. Super. 221, 230 (1994) (citations omitted).]

Our Supreme Court has stated:

> We believe . . . that the processing of the tort action and insurance claims should generally start at the same time. A corollary of this conclusion is that claimant's counsel should keep the UIM insurance company fully informed and alerted to the parallel handling of the

5

> automobile tort claim. . . . The goal of this parallel management is that, to the maximum extent possible, we should achieve the aim of a "one-stop" proceeding.
>
> [Green v. Selective Ins. Co. of Am., 144 N.J. 344, 353 (1996).]

Thus, plaintiff should have both initiated her suit against Wragge while filing her UM claim, and also kept GEICO apprised of her progress in the case against Wragge, including arbitration or settlement offers.

Regarding GEICO's subrogation rights in plaintiff's suit against Wragge, a UIM carrier has subrogation rights regarding benefits it pays to its insureds. Rutgers Cas. Ins. Co. v. Vassas, 139 N.J. 163, 169-70 (1995); Longworth v. Van Houten, 223 N.J. Super. 174, 183 (App. Div. 1988). "[T]he injured party must preserve [the] UIM carrier's subrogation rights." Connelly v. McVeigh, 374 N.J. Super. 159, 169 (App. Div. 2005). "The contract of insurance in this case specifically recognized defendant's subrogation rights." Tonic v. Am. Cas. Co., 413 N.J. Super. 458, 468 (App. Div. 2010). Thus, GEICO has shown it has suffered significant prejudice by being unable to subrogate a claim against Wragge. Hutnick v. ARI Mut. Ins. Co., 391 N.J. Super. 524, 532 (citing Rivers v. Allstate Ins. Co., 312 N.J. Super. 379, 386 (App. Div. 1998)).

In Ferrante v. N.J. Mfrs. Ins. Grp., our Supreme Court addressed "to what extent a carrier is required to pay a UIM claim when its subrogation rights are totally nullified." 232 N.J. 460, 462 (2018).

> UIM carriers [have the right] to intervene in trials against tortfeasors as a way to avoid relitigating a plaintiff's claim and as a method of binding them to the issues at trial. Thus, plaintiffs are affirmatively obligated to provide their carriers with notice "of the institution of suit against the tortfeasor." To what extent the carrier will participate in the underlying trial is determined by the trial court, but there is no flexibility in an insured's obligation to communicate the lawsuit to the carrier.
>
> [Id. at 469-70 (emphasis added) (internal citations omitted).]

"In practice, the insurer may choose to pay out the insured for the loss and retain a cause of action against the tortfeasor." Id. at 470. "[T]he insured must seek 'recovery from the tortfeasor's insurer as a prerequisite to recourse to the UIM coverage.'" Ibid. (quoting Longworth, 223 N.J. Super. at 183).

Here, plaintiff extinguished any right of subrogation GEICO may have had against Wragge by failing to file a lawsuit that GEICO could have assumed control of after compensating her. The irretrievable loss of those rights results in a forfeiture of coverage. Plaintiff's other arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1).

A-3341-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3341-19